UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| DENNIS THOMAS MURPHY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV415-151 |
| BRANDON THOMAS, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Dennis Thomas Murphy has filed a 42 U.S.C. § 1983 complaint asking this Court to intervene in his ongoing state criminal prosecution.[1] Doc. 1. He contends that Brandon Thomas, the public defender assigned to his case, waived his right to a preliminary hearing without his consent. *Id.* at 6. He seeks an order from this Court directing the state court to grant him a "full acquittal" of the pending charges and requiring Thomas

---

[1] As Thomas is proceeding *in forma pauperis* ("IFP"), docs. 4 & 5, his action is subject to immediate dismissal if the Court determines that it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2) (allowing the dismissal of IFP actions "at any time" they are determined to raise non-cognizable claims); 28 U.S.C. § 1915A (requiring early screening of all prisoner/detainee complaints against governmental entities or officials and the dismissal of non-cognizable claims).

to reimburse him for all his jail expenses (commissary purchases and pay-tel phone charges) from the date his preliminary hearing was waived until the date he is released from the Chatham Couty Detention Center. *Id.* at 7.

The doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), forbids federal courts from enjoining ongoing state criminal proceedings "except under extraordinary circumstances," where it "plainly appears" that the state defendant's federally guaranteed rights will not be protected by the state courts. *Id.* at 45 (citation and internal quotations omitted); *id.* at 46 (even an accused's showing of "irreparable injury" as a result of the state prosecution is insufficient to warrant a federal court's intervention unless the threatened injury is "both great and immediate" *and* is "one that cannot be eliminated by his defense against a single criminal prosecution") (citation and internal quotation omitted). Murphy's claim that his public defender waived his right to a preliminary hearing without his permission does not assert the type of state prosecutorial abuse or harassment that would justify the extraordinary relief that he is seeking from this Court -- the outright dismissal of the

state criminal proceedings. As the state court is fully capable of addressing the alleged violation of Murphy's rights, this Court must abstain from exercising jurisdiction over the pending state criminal case.

Additionally, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Because Murphy is seeking his "acquittal" on the state criminal charges and his immediate release from the jail where is now detained, "his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. While a state pretrial detainee may seek habeas relief pursuant to 28 U.S.C. § 2241, all habeas petitioners must first exhaust their state court remedies. *Wilkinson*, 544 U.S. at 79 ("habeas corpus actions require petitioner fully to exhaust state remedies, which § 1983 does not"); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (the exhaustion requirement codified in § 2254(b) applies to all habeas corpus actions, including § 2241 petitions); *Thomas v. Crosby*, 372 F.3d 782, 786 (11th Cir. 2004) (Tjoflat, J., concurring). If Murphy wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the

applicable rules. Again, however, any such petition would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

Even if Murphy's case was not foreclosed by the doctrines set forth above, his effort to obtain damages from his defense counsel under § 1983 fails outright. It is well settled that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As defendant Thomas is not a state actor, he cannot be sued under § 1983.

As there is no chance that Murphy could correct the deficiencies of his complaint if afforded an opportunity to re-plead his case, *see Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (*pro se* IFP litigant should be afforded an opportunity to amend his complaint where it would not be futile to do so), this case should be **DISMISSED** as frivolous and recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Murphy to pay his filing fee. His furnished account information shows that he has had no funds in his jail account during the past six months. Doc. 4. He therefore owes no initial

partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this 3rd day of September, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA